**In re Dewey and Pauline DURRETT, Debtors.**

**Bankruptcy No. 90–12217.**

United States Bankruptcy Court, D. New Hampshire.

Jan. 31, 1992.

Mark W. Vaughn, Devine, Millimet, P.A., Manchester, N.H., for DIP.

James C. Fox, Shapiro, Israel & Weiner, Boston, Mass., for U.S. Trust Co.

Joseph A. Foster, McLane, Graf, Raulerson & Middleton, Manchester, N.H., for Citizen's Nat. Bank of Elkins.

Robert Fryer, Londonderry, N.H., for U.S. Trust Co.

Edmond J. Ford, Ford & Ford, Portsmouth, N.H., for FDIC, New Dartmouth Bank, Numerica Sav. Bank.

H. Brann Altmeyer, Phillips, Gardill, Kaiser, Boos & Hartley, Wheeling, W.Va., J.

Michael Deasy, Nashua, N.H., for Wheeling Dollar Bank.

J. Christopher Marshall, McLane, Graf, Raulerson & Middleton, Manchester, N.H., for South Shore Bank.

Kevin G. Sugg, Becket, Watkins & Assoc., Malvern, Pa., for American Exp. Centurion Bank.

Grenville Clark, Manchester, N.H., for Warren Shaw.

Geraldine L. Káronis, Boston, Mass., for UST.

Sandra K. Curtin, Becket, Watkins & Assoc., Malvern, Pa., for MBNA America.

Peter Bronstein, Salem, N.H., for Fleet Bank of N.H.

Frederick W. Murdock, Jr., Methuen, Mass., for Lawrence Sav. Bank.

John A. Malmberg, Castaldo, Hanna & Malmberg, Concord, N.H., for Federal Land Bank Assoc.

Raymond P. D'Amante, Concord, N.H., for Provident Institution for Sav.

John D. Sheehan, Becket, Watkins & Assoc., Malvern, Pa., for American Express, Optima Card Div.; First Omni Bank, N.A.

Richard E. Fradette, Raymond Cloutier Law Offices, Manchester, N.H., for First N.H. Bank, N.A.

Charles F. Perrault, Methuen, Mass., for Franklin S. Davis.

Richard Y. Uchida, Concord, N.H., for Vanguard Sav. Bank.

Tali A. Tomsic, Rosenberg & Kitaeff, N. Andover, Mass., for Martha/Gary Bergeron.

Gary Klein, NH Legal Assoc., Manchester, N.H., for Gina Abreu.

Jerome S. Gold, Gold & Vanaria, Springfield, Mass., for Shawmut Bank, N.A.

Raymond P. Bell, Jr., Wilmington, Del., for MBNA America.

## OPINION AND ORDER

JAMES E. YACOS, Bankruptcy Judge.

The issue the Court must decide is whether debtor's Fifth Amended Plan of Reorganization dated January 16, 1992, has

inappropriately classified the claim of Provident Institute for Savings, now known as Shawmut (hereinafter referred to as "Shawmut"), along with the claims of general unsecured creditors in violation of 11 U.S.C. § 1122(a).[1]

In the debtor's Third Amended Plan of Reorganization dated September 3, 1991, Shawmut occupied its own class. Under the Third Amended Plan, upon confirmation, the debtor was to transfer all the properties in which Shawmut held a first mortgage to Shawmut in full satisfaction of Shawmut's claim, including any deficiency claim. On September 24, 1991, the Court entered an order approving a stipulation in settlement of Shawmut's motion for relief from the automatic stay in which the debtor voluntarily transferred the properties Shawmut held a first mortgage on to Shawmut and Shawmut agreed not to press the motion for relief.

The stipulation granted Shawmut relief from the stay as of November 13, 1991 with Shawmut agreeing to assume responsibility for taxes on the properties and also to assume responsibility for security deposits owed to any tenants of the properties. Of note is the absence of any proviso whereby Shawmut agreed to waive any deficiency claim(s). After review of the relevant documents, it appears that Shawmut's waiver of deficiency claims contained in the Third Amended Plan and mentioned in the stipulation was in fact not incorporated in the stipulation in settlement of Shawmut's motion for relief from stay.

It thus appears that even though the debtor and Shawmut settled the motion for relief, Shawmut retained its right to assert a deficiency claim against the estate. Shawmut has therefore been included in class 12 along with the other general unsecured creditors. In its description of class 12 in the Fifth Amended Plan, and Shawmut's claim in particular, the debtor once again states that upon confirmation, the properties which Shawmut holds a first mortgage on will be transferred to Shawmut in full satisfaction of its claim. Further, the debtor restates that Shawmut has agreed to waive any deficiency claim against the debtor. Finally, the last sentence of the description of Shawmut's claim states: "However, the debtor believes that Provident [Shawmut] holds an unsecured claim for purposes of voting on the plan and the debtor has asked Provident [Shawmut] to vote its unsecured claim in favor of the plan but to waive any distribution in accordance with its agreement with the debtor."

## DISCUSSION

It is on the basis of the last sentence describing Shawmut's arrangement with the debtor that the other creditors have objected. They argue Shawmut's inclusion with general unsecured creditors in class 12 is an inappropriate classification. They contend Shawmut has been shifted from its own class in the Third Amended Plan into the general unsecured class in the Fifth Amended Plan so that the debtor can get his plan of reorganization accepted.

While nothing in section 1122 could be read to prohibit the grouping of deficiency claimants along with the trade creditors, the objectors argue that the plan's classification groups creditors having substantially different claims together. Unlike the other members of the class, Shawmut is releasing its deficiency claim against the debtor, being granted a transfer of the underlying properties without incurring foreclosure costs, and is not sharing in the distribution. The objecting parties have cited *In re Featherworks Corp.*, 25 B.R. 634 (Bankr.E.D.N.Y.1982), aff'd, 36 B.R. 460 (E.D.N.Y.1984). While *Featherworks* was decided under § 1129(a)(10), which disenfranchises" insiders from being count-

1. Section 1122 provides:
   **§ 1122. Classification of claims or interest.**
   (a) Except as provided in subsection (b) of this section, a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class.

   (b) A plan may designate a separate class of claims consisting only of every unsecured claim that is less than or reduced to an amount that the court approves as reasonable and necessary for administrative convenience.

ed among those accepting the plan, its reasoning applies to the facts of this case.

In *Featherworks* the court decided that the debtor lacked the necessary acceptances because the votes of two insiders were counted in determining the outcome in favor of the plan. Like Shawmut in the present case, the corporate insiders in *Featherworks* waived participation in the distribution to the class of unsecured creditors. The court wrote:

> In opposing Kerwin and Elliott's motion to equitably subordinate Windsor's claim, the debtor has taken the flat position that Windsor would not participate in the $40,000 to be distributed among general creditors. Thus, when Windsor declares itself to be in favor of the acceptance of the plan, it is voting for what persons other than itself would be satisfied to receive. Windsor has taken itself out of Class II. To permit it to impose its will on the debtor's true general creditors by creating a false majority in favor of the plan is inconsistent with the proper operation of the Code.

*Featherworks*, 25 B.R. at 640.

While no one has suggested that Shawmut is an insider, it is clear, in the words of the *Featherworks* court, that Shawmut "is influenced by totally different considerations from those motivating the other creditors [of Durrett]." *Id.* at 640. Even if Shawmut possesses an unsecured claim similar to that of other members of the class, the disparate treatment of Shawmut's claim makes it substantially dissimilar to those of other members of class 12. *In re Richard Buick*, 126 B.R. 840 (Bankr. E.D.Pa.1991).[2]

Based on the disparate treatment of Shawmut's claim upon confirmation of the plan, the court rules that the vote of Shawmut should not be permitted to tilt the class in favor of accepting the plan when the other members of class are not receiving the same treatment. Accordingly, it is hereby

**2.** The *Buick* court noted that disparate treatment of claims within a single class not only violates § 1122(a) but also violates § 1123(a)(4)

ORDERED, ADJUDGED and DE-CREED that the debtor has failed to gain the requisite amount of claims voting for acceptance in class 12 (unsecured claims) to constitute acceptance of the plan of reorganization by that class pursuant to § 1126(c) of the Bankruptcy Code.

DONE and ORDERED.

requiring the same treatment for each claim of a class. *Id.* at 854.